## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHELLE A. HENSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-02198 |
| CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** MICHELLE A. HENSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq,* and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") under 815 ILCS 505/1 *et seq,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

5.   Defendant is an entity primarily engaged in the business of selling and providing home warranties to consumers. Defendant is a corporation formed under the laws of the state of New Jersey with its principal place of business located at 1090 King Georges Post Road, Building 10, Edison, New Jersey. Defendant solicits consumers to utilize its services throughout the country, including in Illinois.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.   In approximately December 2017, Plaintiff began receiving calls to her cellular phone, (630) XXX-1032, from Defendant.

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1032. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has used a variety of phone numbers when contacting Plaintiff, including but not limited to, (732) 379-5309, (732) 394-6700, and (732) 339-3215.

11. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its telemarketing activity.

12. Upon answering phone calls from Defendant, Plaintiff experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

13. Upon speaking with Defendant, Plaintiff became aware the Defendant was attempting to solicit her to use its services.

14. Plaintiff had *never* given Defendant permission to call her cellular phone and was confused as to why she was receiving the solicitation calls.

15. Plaintiff informed Defendant that she was not interested in its services and demanded that it stop calling.

16. Defendant's representative informed Defendant that her name would be removed from their list.

17. Despite Plaintiff's demands and Defendant's assurances, Defendant continued to call her cellular phone up until the filing of this case.

18. Plaintiff has received not less than 34 phone calls from Defendant since asking it to stop calling.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. With the goal of specifically addressing Defendant's conduct, Plaintiff has downloaded and maintained an application on her cellular phone to help quell Defendant's calls. However, the communications have continued.

3

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted telephone solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

25. Defendant violated the TCPA by placing at least 34 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff did not provide Defendant with consent to contact her on her cellular phone. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

4

26. The calls placed by Defendant to Plaintiff were regarding business activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, MICHELLE A. HENSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

28. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

29. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact… in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damages thereby." 815 ILCS 505/2

30. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

31. Defendant's telemarketing calls to Plaintiff are "Trade" and "Commerce" as defined by ILCS 505/1(f) of the ICFA.

5

32. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the telemarketing activity.

33. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to contact Plaintiff through means of an ATDS when it did not have permission or consent to do so. Plaintiff specifically requested that all telemarketing calls from Defendant cease. Defendant ignored the above and continued to contact Plaintiff on a regular basis. The frequency in which Defendant called Plaintiff served to harass her. As such, by continuing to place calls attempting to solicit Plaintiff's business after requests to cease were made, Defendant violated the ICFA.

### a. Unfairness and Deception

34. It was unfair and deceptive for Defendant to solicit its goods and services to Plaintiff through harassing phone calls to her cellular phone attempting to induce her into purchasing its goods and/or services.

35. It was unfair for Defendant to place or cause to be placed no less than 34 harassing phone calls to Plaintiff's cellular phone from December 2017through the present day to Plaintiff's cellular phone, using an ATDS without her prior consent.

36. It was unfair for Defendant to continue placing calls to Plaintiff after she specifically demanded that the she no longer receive any telemarketing calls from Defendant.

37. Defendant's unfair conduct is inherently oppressive as Plaintiff has no choice but to submit to the harassing phone calls.

38. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to download and maintain a phone application for the express purpose of blocking Defendant's calls.

6

39. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

40. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

41. Additionally, Defendant's unlawful and unfair telemarketing efforts gives it an unfair competitive advantage over businesses that solicit its goods or services lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

42. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

43. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the harassing phone calls.

**WHEREFORE**, Plaintiff, MICHELLE A. HENSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial;

c. Award Plaintiff her punitive damages in an amount to be determined at trial;

d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e. Award any other relief this Honorable Court deems equitable and just.

Dated: March 27, 2018                          Respectfully Submitted,

/s/ Marwan R. Daher                            /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                          Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                        *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                        Sulaiman Law Group, Ltd
2500 South Highland Avenue                     2500 South Highland Avenue
Suite 200                                      Suite 200
Lombard, IL 60148                              Lombard, IL 60148
Telephone: (630) 537-1770                      Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                         osulaiman@sulaimanlaw.com